# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL LON MCGRATH,** | ) |
| **BOP Reg. #16390-003,** | ) |
| **Movant,** | ) |
| | ) **CIVIL ACTION NO. 1:17-00368-CG-N** |
| **v.** | ) |
| | ) **CRIMINAL ACTION NO. 1:16-00091-CG-N** |
| **UNITED STATES OF AMERICA,** | ) |
| **Respondent.** | ) |

## <u>ORDER</u>

Michael Lon McGrath ("McGrath"), a federal prisoner proceeding without counsel (*pro se*), filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated August 14, 2017 (Doc. 59)[1] challenging the judgment entered against him in the above-numbered criminal action. The Court ordered McGrath to file an amended version of his § 2255 motion on the Court's form (Docs. 60, 65) and McGrath complied on October 10, 2017 (Doc. 66). The Government timely filed a response (Doc. 70) in opposition to McGrath's § 2255 motion, as ordered by the Court under Rule 4(b) of the Rules Governing Section 2255 Proceedings (Doc. 68), and McGrath filed a reply (Doc.71). McGrath then filed several motions to amend his § 2255 motion (*see* Docs. 72, 76, 84). The Court ordered the Government to respond to two of these motions to amend (Docs. 73, 85) and the Government complied (Docs. 74, 86). McGrath's § 2255 motion is now under submission for determination of whether

---

[1] All "Doc." citations herein refer to the docket of the above-numbered criminal action.

expansion of the record and/or an evidentiary hearing is warranted. *See* Rules 7 and 8(a) of the Rules Governing Section 2255 Proceedings.

Having reviewed the parties' submissions and other relevant portions of the record in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court finds that neither expansion of the record nor an evidentiary hearing is warranted, and that McGrath's § 2255 motion (Doc. 66) is **DENIED** and **DISMISSED with prejudice**.

## I.    *Background*

On April 28, 2016, the grand jury for this district returned an indictment against McGrath (Doc. 1), charging him with four counts involving unlawful firearm possession offenses. McGrath was appointed trial counsel and initially entered a plea of not guilty to all charges. (*See* Doc. 12). On June 21, 2016, McGrath, pursuant to a written plea agreement (Doc. 30), changed his plea and entered a plea of guilty to knowingly possessing a stolen firearm in violation of 18 U.S.C. § 922(j), charged in the indictment as Count Two. (*See* Docs. 1, 31). The Court adopted the presentence investigation report (Doc. 45) without change. (Doc. 51, PageID.237). On October 4, 2016, the Court sentenced McGrath to 120 months of imprisonment followed by 3 years of supervised release, along with a $100.00 assessment. (Doc. 50). Consistent with the terms of the plea agreement, the remaining counts against McGrath were dismissed on motion of the Government. (*See* Doc. 50). McGrath did not appeal the judgment. (*See* Doc. 49; Doc. 66, PageID.383). McGrath timely filed the present § 2255 motion in August 2017. (*See* Doc. 59, PageID.300).

## II.   *Legal Standards*

McGrath's § 2255 motion raises several substantive and procedural issues. This section sets out the standards for the following issues: (a) the general standards of review under § 2255; (b) ineffective assistance of counsel; (c) the effect of a guilty plea on § 2255 motions; and (d) amending § 2255 motions.

### a.   **General Standards of Review under § 2255**

Under 28 U.S.C. § 2255, a federal prisoner may "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). However, "[o]nce the defendant's chance to appeal has been waived or exhausted," a court is "entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982). "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citing *Frady*, 456 U.S. at 165 (collecting cases)). "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (internal citations, quotations, and footnote omitted).

> Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to

no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." [28 U.S.C.] § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron*[ *v. United States*], 291 F.3d [708,] 715 [(11th Cir. 2002)] (quoting *Holmes v. United States,* 876 F.2d 1545, 1552 (11th Cir. 1989)). "[A] petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes,* 876 F.2d at 1553 (quoting *United States v. Guerra,* 588 F.2d 519, 520–21 (5th Cir. 1979)); *see, e.g., Lynn v. United States,* 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the . . . affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

*Winthrop-Redin*, 767 F.3d at 1216 (footnote omitted); *accord, e.g.*, *Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). In making this determination, the Court is aware that it must "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin*, 767 F.3d at 1215.

### b.     Ineffective Assistance of Counsel

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Id.* at 504; *see also United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) ("An ineffective assistance claim should usually

be raised in a motion under 28 U.S.C. § 2255." (citing *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010))), *cert. denied*, 134 S. Ct. 962 (2014). "To establish an ineffective assistance of counsel claim, a defendant must show that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam) (quoting *Strickland*, 466 U.S. at 687–88, 694).

"Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). Moreover, "[b]ecause both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted); *see also Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) ("A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one."); *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail."). "The *Strickland* test is not easily met; . . . 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are

few and far between.' " *Johnson*, 256 F.3d at 1176 (quoting *Waters v. Thomas,* 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (citation omitted)).

"The test for ineffectiveness is not whether counsel could have done more; perfection is not required." *Waters*, 46 F.3d at 1518; *accord, e.g.*, *Burt v. Titlow*, 571 U.S. 12, 24 (2013) ("[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance . . . ."). "A lawyer can almost always do something more in every case. But the Constitution requires a good deal less than maximum performance." *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992).

> In evaluating the first, or "performance," prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." [*Strickland*, 466 U.S.] at 689, 104 S. Ct. at 2065. Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy." *Id.* (internal quotations omitted). A petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they "were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S. Ct. at 2066. Simply put, the deference afforded an attorney's decision is great and the bar for proving a Sixth Amendment violation is high. In light of the "strong presumption in favor of competence," . . . in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

> Under the second, or "prejudice," prong of *Strickland*, a petitioner must "affirmatively prove prejudice" by showing that counsel's errors "actually had an adverse effect on the defense." 466 U.S. at 693, 104 S. Ct. at 2067. This requires a showing of more than "some conceivable effect on the outcome of the proceeding." *Id.* Instead, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

> different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Although this standard is difficult to meet, it is significant that a petitioner must show only a reasonable probability that the outcome would have been different; he "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 104 S. Ct. at 2068. When evaluating this probability, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695, 104 S. Ct. at 2069.

*Brownlee v. Haley*, 306 F.3d 1043, 1059-60 (11th Cir. 2002). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. In making the competency determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (citing *Strickland*, 466 U.S. at 689-91) (citations and quotations omitted).

> "A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.' " *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716, 64 L. Ed. 2d 333 (1980) (quoting *McMann*[ *v. Richardson*], 397 U.S. [759,] 770, 90 S. Ct. [1441,] 1448[ (1970)]). The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *Slicker v. Dugger*, 878 F.2d 1380, 1381 n.1 (11th Cir. 1989) (per curiam); *Holmes v. United States*, 876 F.2d 1545, 1551 (11th Cir. 1989); *McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (per curiam).

> . . . .

> . . . *Hill* clarified the *Strickland* second or "prejudice" requirement in the context of guilty pleas: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S. Ct. at 370; *Tahamtani v. Lankford*, 846 F.2d 712, 714 (11th Cir. 1988) (per curiam); *see Long v. United States*, 883 F.2d 966, 968 n.4 (11th

Cir. 1989) (per curiam); *Agan v. Dugger*, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205, 108 S. Ct. 2846, 101 L. Ed. 2d 884 (1988); *see also Holmes*, 876 F.2d at 1553, *Slicker v. Wainwright*, 809 F.2d 768, 770 (11th Cir. 1987) (These cases were remanded to the district court to determine if accurate, rather than incorrect, information by the defense counsel as to the length of sentence would have changed the defendant's plea.); *cf. Betancourt v. Willis*, 814 F.2d 1546, 1549 (11th Cir. 1987) (This court affirmed the district court's granting a habeas corpus petition based upon its conclusion that petitioner's plea was not voluntary and that his counsel provided ineffective assistance because the evidence was "uncontroverted that petitioner was completely unaware of the ultimate consequences of his plea because his counsel misrepresented the existence of a sentence reduction agreement."). The *Hill* court explained the prejudice requirement with specific regard to a defense counsel's alleged failure to investigate potentially exculpatory evidence:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

474 U.S. at 59, 106 S. Ct. at 370; *McCoy*, 804 F.2d at 1198–99.

The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973); *see Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir.) (per curiam) ("[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process."), *cert. denied*, 469 U.S. 837, 105 S. Ct. 134, 83 L. Ed. 2d 74 (1984). The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions" in his counsel's advice regarding the plea. *McMann*, 397 U.S. at 774, 90 S. Ct. at 1450; *Tollett*[ *v. Henderson*], 411 U.S. [258,] 267, 93 S. Ct. [1602,] 1608[

(1973)]; *see Hill*, 474 U.S. at 56, 106 S. Ct. at 369 ("The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). Without "reasonably effective assistance of counsel in connection with the decision to plead guilty," a defendant cannot enter a knowing and voluntary plea because the plea does not represent an informed choice. *McCoy*, 804 F.2d at 1198; *Scott*[ *v. Wainwright*], 698 F.2d [427,] 429[ (11th Cir. 1983)]. Based upon his familiarity with the facts and law, defense counsel must advise the defendant. *Scott*, 698 F.2d at 429. "Counsel's advice need not be errorless, and need not involve every conceivable defense, no matter how peripheral to the normal focus of counsel's inquiry, but it must be within the realm of competence demanded of attorneys representing criminal defendants." *Id.* (emphasis added); *see McMann*, 397 U.S. at 771, 90 S. Ct. at 1449; *Long*, 883 F.2d at 969.

The Supreme Court has recognized that the decision to plead guilty may occur without all of the state's evidence and necessarily takes place without knowledge of all facts revealed by witnesses at trial. *McMann*, 397 U.S. at 769–70, 90 S. Ct. at 1448. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam); *Downs–Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985). An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each. *Tafero*, 796 F.2d at 1320; *Thompson v. Wainwright*, 787 F.2d 1447, 1451 (11th Cir. 1986), *cert. denied*, 481 U.S. 1042, 107 S. Ct. 1986, 95 L. Ed. 2d 825 (1987).

*Stano v. Dugger*, 921 F.2d 1125, 1149-51 (11th Cir. 1991) (en banc) (footnote omitted).

In claiming prejudice under *Strickland* and *Hill*, "[a] movant must [also] allege facts that would prove that a decision not to plead guilty 'would have been rational under the circumstances.' " *Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

### c.     Effect of Guilty Plea

The "concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *see also, e.g.*, *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam)); *United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) (" 'Generally, entering a guilty plea waives a defendant's right to all non-jurisdictional challenges to a conviction.' " (quoting *United States v. Bonilla,* 579 F.3d 1233, 1240 (11th Cir. 2009)).

Stated differently, "a voluntary and intelligent plea made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Therefore, when, as here, a § 2255 motion is filed collaterally challenging convictions obtained pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989); *see also Bousley*, 523 U.S. at 618 ("A plea of guilty is constitutionally valid only to the extent

it is 'voluntary' and 'intelligent.' " (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

### d.    Amendment of § 2255 Motions

The Court has discretion in granting a motion to amend a § 2255 motion. *See Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir. 2003). Claims brought via a § 2255 motion must generally be filed within one year of a movant's conviction becoming final. *See* 28 U.S.C. § 2255(f). Claims filed outside of § 2255's statute of limitations period are barred unless they relate back to a timely filing under Federal Rule of Civil Procedure 15(c). *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000); *see also* Rule 12 of the Rules Governing Section 2255 Proceedings (noting that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings to the extent they are not inconsistent with other statutory provisions).

> Specifically, Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). "Relation back" causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed.

*Davenport*, 217 F.3d at 1344. (footnote omitted) (quoting Fed. R. Civ. P. 15(c)(2)). "[I]n order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.' " *Davenport*, 217 F.3d at 1344 (quoting *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999); and *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).

The Eleventh Circuit further clarified the scope of Federal Rule of Civil Procedure 15(c) in the context of § 2255 motions as follows:

> Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not inten[d] for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts. *See Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001). Following this intent, we determined in *Davenport* that, to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding. *See Davenport*, 217 F.3d at 1344. The untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." *See id.*

*Farris*, 333 F.3d at 1215. The *Farris* Court emphasized that "new claims alleging different trial errors were not part of the same course of conduct" and do not relate back to a movant's timely filed § 2255 motion. *Id.* at 1215 (citing *Davenport*, 217 F.3d at 1346).

### III.   *Analysis*

McGrath asserts six claims for relief in his first amended § 2255 motion (Doc. 66), all alleging some form of ineffective assistance of trial counsel. McGrath also submitted three motions to amend his § 2255 motion (Docs. 72, 76, 84), asserting three more claims for relief based on allegations of a violation of due process, an illegal sentence, and ineffective assistance of counsel. The Court will address each in turn.

### a.   Claim One – Criminal History Points

In his first amended § 2255 motion, McGrath contends that his trial counsel provided ineffective assistance in violation of the Sixth Amendment by failing to

object to the Court's calculation of his prior criminal history points under the Federal Sentencing Guidelines. (Doc. 66, PageID.385; Doc. 66-1, PageID.398–99). Specifically, McGrath argues that the Court erred in calculating his prior criminal history points because "there were no intervening arrests" between three of his prior convictions. (Doc. 66, PageID.385; Doc. 66-1, PageID.398–99). Instead of these three prior convictions adding 7 points to his criminal history total, McGrath maintains that his trial counsel should have insisted that these convictions count only for three points. (Doc. 66, PageID.385; Doc. 66-1, PageID.398–99). Further, McGrath argues that two other offenses used in calculating his prior criminal history points should only have counted as one offense because he received a ten-year sentence to run concurrently with other sentences. (Doc. 66, PageID.385; Doc. 66-1, PageID.398–99).

McGrath's claim fails because his trial counsel's conduct did not perform deficiently. McGrath cannot identify any deficient conduct from his counsel because his counsel did lodge an objection in line with the arguments described above on two separate occasions. Counsel objected to the sentencing court counting three of his prior sentences separately as well as counting the two purportedly identical offenses separately. (*See* Doc. 41, PageID.188; Doc. 62, PageID.333–34). In other words, counsel actually followed the course of action that McGrath proposes in his § 2255 motion; therefore, he does not demonstrate any constitutional deficiency. *See Strickland*, 466 U.S. at 690 (holding that a defendant claiming ineffective assistance of counsel "must identify specific acts or omissions that were not the result of reasonable professional judgment").

Further, even if McGrath's counsel had failed to object, such an omission would not have been unreasonable because the sentencing court did not err in calculating his criminal history points. Contrary to McGrath's argument, the three sentences identified in Paragraphs 46, 47, and 48 of the Final Presentence Investigation Report (Doc. 45) were properly calculated as three separate sentences. Under the Federal Sentencing Guidelines, "[i]f there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. 4A1.2(a)(2). Here, the subject sentences were contained in separate charging instruments and imposed on different days (*see* Doc. 45, PageID.211–12) bringing these offenses outside of U.S.S.G. 4A1.2(a)(2)'s grouping provision.

McGrath's argument that the sentences identified in Paragraphs 49 and 50 of the Final Presentence Investigation Report (Doc. 45) should be viewed as one sentence is also misguided. While these sentences were imposed on the same day, McGrath was arrested for the offense described in Paragraph 50 while on release for the offense described in Paragraph 49. (*See* Doc. 45, PageID.213) As a result of this intervening arrest, the sentencing court correctly counted the two sentences separately. *See* U.S.S.G. 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., *the defendant is arrested for the first offense prior to committing the second offense*)." (emphasis added)). Accordingly, McGrath's first claim for relief fails because

14

he cannot demonstrate that his counsel's performance was deficient under *Strickland*.

### b.     Claim Two – Sentence Enhancement for Stolen Firearm

McGrath next argues that his counsel's failure "to contest" the application of a two-point enhancement for his possession of a stolen firearm deprived him of effective assistance of counsel. (Doc. 66, PageID.386; Doc. 66-1, PageID.399–400). McGrath claims that this enhancement should not have applied because he pleaded guilty to possession of a stolen firearm, and any further sentence enhancement based on this offense qualifies as impermissible double counting. (Doc. 66, PageID.386; Doc. 66-1, PageID.399–400).

McGrath's second claim of ineffective assistance of counsel fails because counsel's failure to object was not unreasonable. Applying the two-point sentence enhancement for possession of a stolen weapon when the underlying conviction is also for possession of a stolen weapon does not qualify as impermissible double counting when the defendant's base offense level is not determined under U.S.S.G. § 2K2.1(a)(7). *United States v. Adams*, 329 F.3d 802, 803–04 (11th Cir. 2003); *accord, e.g.*, *United States v. Goff*, 314 F.3d 1248, 1249–50 (10th Cir. 2003); *United States v. Raleigh*, 278 F.3d 563, 566–67 (6th Cir. 2002). Here, McGrath's base offense level was determined under U.S.S.G. § 2K2.1(a)(4)(A), not U.S.S.G. § 2K2.1(a)(7). (Doc. 45, PageID.208). Accordingly, McGrath's second claim fails because his counsel's failure to object to the application of the two-point sentence enhancement for possession of a

15

stolen firearm was not "outside the wide range of professionally competent assistance." *See Strickland*, 466 U.S. at 690.

### c.    Claim Three – Sentence Enhancement for Offense Involving 8-24 Guns

In his third claim, McGrath argues that his counsel's failure to object to the four-point specific offense characteristic enhancement he received for a crime involving 8-24 guns deprived him of effective assistance of counsel. (Doc. 66, PageID.388; Doc. 66-1, PageID.401). McGrath contends that his counsel should have objected to his sentence enhancement for an offense involving 8-24 guns because it should not apply: he pleaded guilty to an offense involving only seven guns in exchange for the Government dropping the remaining gun offenses in the indictment. (Doc. 66, PageID.388; Doc. 66-1, PageID.401). Essentially, McGrath argues that using specific offense characteristics from dropped charges to enhance a sentence is improper.

Like his other claims, McGrath's third claim of ineffective assistance of counsel fails because his trial counsel was not deficient. McGrath cannot identify any deficient conduct because his counsel did lodge an objection to the sentencing court's consideration of weapons connected to charges dropped from the indictment. (*See* Doc. 62, PageID.344). In other words, counsel actually followed the course of action that McGrath proposes in his § 2255 motion; therefore, he does not demonstrate any constitutional deficiency. *See Strickland*, 466 U.S. at 690 (holding that a defendant

claiming ineffective assistance of counsel "must identify specific acts or omissions that were not the result of reasonable professional judgment").

Further, even if McGrath's counsel had failed to object, such an omission would not have been unreasonable because the sentencing court did not err in implementing the sentence enhancement for an offense involving 8-24 guns. This conduct was properly included under U.S.S.G. § 1B1.3(a)(1)(A), which directs the sentencing court to consider "*all* acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" in applying sentence enhancements based on specific offense characteristics. (emphasis added); *see also United States v. Exarhos*, 135 F.3d 723, 730 (11th Cir. 1998) (citing *United States v. Ignancio Munio*, 909 F.2d 436, 438–39 (11th Cir. 1990)) ("[A] district court may consider, for purpose of sentencing, relevant conduct not contained in the indictment."). Stated differently, even conduct covered by charges later dropped from an indictment is properly considered during sentencing. Accordingly, McGrath's third claim fails because his counsel was not deficient under *Strickland*.

### d.    Claim Four – Sentence Enhancement for Burglary

In his fourth claim, McGrath argues that his counsel's failure to object to the four-level specific offense characteristic enhancement he received for a separate felony involving a gun deprived him of effective assistance of counsel. (Doc. 66, PageID.389; Doc. 66-1, PageID.402–03). Specifically, McGrath contends that his counsel should have objected to his sentence enhancement for possessing firearms in connection with a separate felony because this conduct was never proven in either

state or federal court. (Doc. 66, PageID.389; Doc. 66-1, PageID.402–03). McGrath also contends that he should have received a downward departure pursuant to U.S.S.G. § 5K1.1 for providing substantial assistance in his own case. (Doc. 66, PageID.389; Doc. 66-1, PageID.402–03).

Both of McGrath's arguments fail because his counsel's performance was not deficient. On the issue of the sentence enhancement for possessing a firearm in connection with a felony, McGrath's claim that his counsel failed to object to the specific characteristic enhancement is belied by the record. McGrath's counsel did object in line with his present argument that there was "no proof" that he committed the burglary (*see* Doc. 41, PageID.188), so he cannot demonstrate any specific conduct from his counsel that was deficient, *see Strickland*, 466 U.S. at 690.

Further, the sentencing court properly applied the enhancement because under U.S.S.G. § 1B1.3(a)(1)(A), the court must consider "*all* acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" in applying sentence enhancements based of specific offense characteristics. (emphasis added); *see also Exarhos*, 135 F.3d at 730. When questioned by ATF agents, McGrath confessed to being involved in a burglary in which he stole the firearms at the center of this case (Doc. 45, PageID.206–07; Doc. 66, PageID.389; Doc. 66-1, PageID.402–03), giving the sentencing court ample grounds to find that McGrath committed a burglary.[2] Therefore, even if McGrath's

---

[2] Also, the sentencing court adopted the Presentence Investigation Report (PSR) setting out the details of McGrath's burglary without objection (*see* Doc. 51, PageID.237) and "a failure to object to allegations of fact in a PS[R] admits those facts

counsel had failed to object, such an omission would not have been "outside the wide range of professionally competent assistance." *See Strickland*, 466 U.S. at 690.

McGrath's contention that his counsel should have sought a downward departure pursuant to U.S.S.G. § 5K1.1 for providing substantial assistance in his own case is also without merit. While counsel did not make an objection to this effect, such an omission was not unreasonable as the Government enjoys wide discretion in submitting § 5K1.1 motions:

> The government has the power, but not a duty, to file a § 5K1.1 motion. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). A district court may review the government's decision not to file a § 5K1.1 motion only if it "was based on an unconstitutional motive," such as "the defendant's race or religion." *Id.* at 185–86, 112 S.Ct. at 1843–44. The government also may not refuse to file a § 5K1.1 motion for reasons not rationally related to a legitimate governmental purpose. *Id.* at 186, 112 S.Ct. at 1844. The defendant, however, must make more than "generalized allegations of improper motive" to obtain relief. *Id.*

*United States v. Kilpatrick*, 446 F. App'x 266, 269 (11th Cir. 2011). Here, McGrath fails to note any evidence of an improper motive on behalf of the Government in declining to offer a § 5K1.1 motion. McGrath offers only the conclusory statement that such motions *should* apply to individuals that offer substantial assistance in their own case. However, the language of § 5K1.1 is clear that such motions are offered when a defendant provides "substantial assistance in the investigation or prosecution *of another person* who has committed an offense. U.S.S.G. § 5K1.1 (emphasis added). Further, reading such a provision into § 5K1.1 would render the

---

for sentencing purposes and precludes the argument that there was error in them." *See United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (quotations omitted).

point reduction available through U.S.S.G. § 3E1.1 for acceptance of responsibility for one's own conduct superfluous—a reduction that McGrath benefitted from (Doc. 45, PageID.208). Accordingly, neither of McGrath's claims of ineffective assistance of counsel in Claim Four demonstrate that his counsel performed deficiently under *Strickland*.

### e.   Claim Five – Sentence Enhancement for 8-24 Guns as a Result of McGrath's Cooperation

In his fifth claim, McGrath argues that his counsel's failure to seek a U.S.S.G. § 5K1.1 from the Government to reward his cooperation deprived him of effective assistance of counsel. McGrath fifth claim largely mirrors the second request in his fourth claim: that there should be "some type of protection under the acceptance of responsibility" point reduction to prevent harsher sentences as a result of admitting to other criminal conduct. (Doc. 66, PageID.395). Specifically, McGrath argues that he "should have received" a § 5K1.1 motion from the Government "for his cooperation in his own case." (Doc. 66, PageID.395). However, this claim fails for the same reasons as McGrath's other § 5K1.1 argument in Claim Four: the Government did not abuse its authority in failing to file such a motion in McGrath's case and the plain language of § 5K1.1 does not apply to defendants that provide incriminating information in their own case. *See supra*, Section III.d. McGrath's claim of ineffective assistance of counsel in Claim Five fails to demonstrate that his counsel acted deficiently under *Strickland*.

**f.      Claim Six – Failure to File a Motion to Suppress Evidence**

In his sixth claim, McGrath argues that his counsel's failure to file a motion to suppress the firearms found in his possession deprived him of effective assistance of counsel. (Doc. 66, PageID.396; Doc. 66-1, PageID.404). McGrath contends that if his counsel had filed a motion to suppress, "the guns would have been suppressed" as there "was no probable cause to search the [vehicle] for drugs or weapons." (Doc. 66, PageID.396). McGrath describes several alleged improprieties committed by law enforcement officers during the search of the vehicle in question, all of which, by McGrath's account, deprived the officers of probable cause and render the fruits of the search inadmissible. (Doc. 66, PageID.396).

McGrath's sixth claim of ineffective assistance of counsel fails because by knowingly and voluntarily pleading guilty, he waived any challenge to non-jurisdictional pre-plea matters. "A defendant who enters a plea of guilty waives all non[-]jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson*, 962 F.2d at 997. Here, McGrath makes no claim that his plea was not knowing and voluntary. McGrath argues only that if his counsel had contested the legality of the search, then the evidence would have been suppressed and the "indictment would have been thrown out." (Doc. 66, PageID.396). Such a challenge to the underlying conviction is expressly waived by a guilty plea. *See, e.g.*, *Brown*, 752 F.3d at 1347. Further, McGrath's plea agreement explicitly and unambiguously states that said plea is being made knowingly and voluntarily (Doc. 30, PageID.129–30) and the

record is devoid of any evidence indicating otherwise. Accordingly, McGrath's sixth claim of ineffective assistance of counsel fails because the movant waived this argument with his knowing and voluntary guilty plea.

### g.    Claim Seven – Violation of Due Process

In his first motion to amend his operative § 2255 motion (Doc. 72), McGrath raises a seventh claim: the sentencing court's consideration of conduct described in charges dropped from the indictment violated his due process rights. McGrath cites *Nelson v. Colorado*, 137 S. Ct. 1249 (2017) for this proposition, arguing that a sentencing court cannot consider conduct from charges later dropped from an indictment under U.S.S.G. § 1B1.3's definition of "relevant conduct."   (Doc. 72, PageID.425). However, McGrath's motion to amend his operative § 2255 motion fails for two reasons: the new claim is untimely, and the precedent he cites does not support his due process claim.

McGrath's motion to amend (Doc. 72) is untimely because it does not "relate back" to his operative § 2255 motion. McGrath's conviction became final when the deadline for him to appeal his sentence expired on October 18, 2016, fourteen days after the sentencing court entered his judgment of conviction. *See* (Doc. 50); Fed. R. App. P. 4(b)(1)(A) (affording a criminal defendant fourteen days from the entry of judgment to file an appeal). Under § 2255(f), claims filed more than one year after a conviction becomes final are generally time-barred. Here, McGrath filed the motion to amend with the new due process claim on January 29, 2018—well over one-year after his conviction became final. (Doc. 72, PageID.424).  In order for the new claim

in the motion to amend to be considered timely (barring the application of one of §

2255(f)'s other saving clauses), it must "relate back" to a timely filing under Federal

Rule of Civil Procedure 15(c). *See Davenport*, 217 F.3d at 1344. However, McGrath's

new due process claim does not relate back to the ineffective assistance of counsel

claims in his timely filed first amended § 2255 motion because the claims allege

different trial errors. *See Farris*, 333 F.3d at 1215 (holding that "new claims alleging

different trial errors were not part of the same course of conduct" and do not relate

back to a movant's timely filed § 2255 motion under Federal Rule of Civil Procedure

15(c)).[3] Given that McGrath's motion to amend (Doc. 72) attempts to assert a different

type of trial error than any claim raised in a timely filing, his due process claim is

barred by § 2255(f)'s statute of limitations.

Even if the due process claim in McGrath's first motion to amend (Doc. 72) was

timely filed, it would still fail because it lacks merit. While McGrath cites *Nelson* for

the proposition that the sentencing court's consideration of conduct described in

charges dropped from the indictment violated his due process rights, this argument

is not supported by the case itself. In *Nelson*, the Supreme Court reviewed a challenge

to Colorado's requirement that criminal defendants who have had their convictions

overturned or vacated prove their innocence by clear and convincing evidence in order

to gain a refund of court fees and fines. 137 S. Ct. at 1254–55. The *Nelson* Court held

---

[3] Further, McGrath's new claim is not saved by § 2255(f)(3)'s extension of the statute
of limitations for newly recognized rights. As discussed *infra*, McGrath's claim that
*Nelson* creates a new due process right undermining the validity of his sentence is
misguided.

that this requirement violates the due process rights of criminal defendants under the balancing test established by *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at 1255. Even if this case applied retroactively, the *Nelson* Court did not address any aspect of the Federal Sentencing Guidelines, let alone U.S.S.G. § 1B1.3's definition of "relevant conduct." McGrath's argument that U.S.S.G. § 1B1.3 violates his due process rights under *Nelson* lacks merit. *See Broxmeyer v. Ormond*, No. 2:18-CV-240, 2019 WL 2571276, at *5 (E.D. Va. Apr. 22, 2019) (collecting cases explaining that *Nelson* does not apply to the constitutionality of the Federal Sentencing Guidelines), *report and recommendation adopted*, No. 2:18-CV-240, 2019 WL 2569554 (E.D. Va. June 20, 2019), *aff'd*, 785 F. App'x 147 (4th Cir. 2019). Accordingly, McGrath's motion to amend his § 2255 motion to include a due process claim (Doc. 72) fails.

### h.    Claim Eight – Illegal Sentence

In his second motion to amend his operative § 2255 motion (Doc. 76), McGrath raises an eighth claim: he argues that his sentence exceeds the maximum authorized by 18 U.S.C. 924(a)(2). Specifically, McGrath contends that his sentence of ten years of imprisonment and three years of supervised release exceeds the ten-year maximum sentence for a possession of a stolen weapon conviction under 18 U.S.C. 922(j). (Doc. 76, PageID.433). However, McGrath's claim fails for three reasons: this claim is time-barred, procedurally defaulted, and meritless.

McGrath's new claim of an illegal sentence raised in his second motion to amend his § 2255 motion (Doc. 76) is time-barred by § 2255(f) because this amendment does not relate back to a timely filing. Similar to McGrath's Seventh

Claim, McGrath filed this second motion to amend with his new illegal sentence claim on May 20, 2018—well over one-year after his conviction became final. (Doc. 72, PageID.424). Therefore, in order for this amendment to avoid § 2255(f)'s one-year statute of limitations, the new claim must "relate back" to a timely filing under Federal Rule of Civil Procedure 15(c). *See Davenport*, 217 F.3d at 1344. However, McGrath's new illegal sentence claim does not relate back to the ineffective assistance of counsel claims in his timely filed first amended § 2255 motion because the new claim alleges a different trial error. *See Farris*, 333 F.3d at 1215 (holding that "new claims alleging different trial errors were not part of the same course of conduct" and do not relate back to a movant's timely filed § 2255 motion under Federal Rule of Civil Procedure 15(c)). None of McGrath's timely claims raise any argument about his sentence exceeding the statutory maximum. Given that McGrath's second motion to amend (Doc. 76) attempts to assert a different type of trial error than any claim raised in a timely filing, his illegal sentence claim is barred by § 2255(f)'s statute of limitations.

McGrath's new illegal sentence claim also fails because it is procedurally defaulted. "Collateral review is not a substitute for a direct appeal." *Lynn*, 365 F.3d at 1232. Generally, a movant "must assert all available claims on direct appeal" because "relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id*. Here, McGrath did not appeal his sentence following his guilty plea (*see* Doc. 66,

PageID.383) and offers no reason for his failure to raise his illegal sentence argument on direct appeal. McGrath's failure to raise this argument or justify his failure to do so waives any opportunity to bring the claim in a § 2255 motion. *See Frady*, 456 U.S. at 167–69 (holding that a claim not raised on direct appeal is procedurally defaulted unless the movant establishes cause and actual prejudice resulting from the alleged errors). Therefore, McGrath's new claim of an illegal sentence is procedurally defaulted, and due to be denied.

Even if McGrath's illegal sentence claim was not time-barred and procedurally defaulted, the claim would still fail because his sentence is not illegal. Contrary to McGrath's argument, a term of supervised release does not tack on to a term of imprisonment to bring a sentence beyond a statutory maximum. *See United States v. Cenna*, 448 F.3d 1279, 1280–81 (11th Cir. 2006) (holding that a statutory maximum sentence plus a term of supervised release is not illegal). Accordingly, McGrath's motion to amend his § 2255 motion to include an illegal sentence claim (Doc. 76) fails.

### i.      Claim Nine – Counsel's Failure to Pursue § 5K1.1 Motion

In his third motion to amend his operative § 2255 motion (Doc. 84), McGrath raises a ninth claim: he argues that his counsel's failure to pursue a § 5K1.1 motion for his assistance in the prosecution of his co-defendant deprived him of his Sixth Amendment right to effective counsel. McGrath argues that under the terms of his plea agreement, the Government should have filed a § 5K1.1 motion because "his cooperation with law enforcement led to the arrest [and] conviction" of his co-defendant, Robby Liles. (Doc. 84, PageID.444). McGrath insists that if his counsel

had been effective and fought for the § 5K1.1 motion, then he would have received the benefit of such a motion and received a lesser sentence. (Doc. 84, PageID.444). However, McGrath's claim fails because it is both time-barred and meritless.

McGrath's new claim of ineffective assistance of counsel raised in his third motion to amend his § 2255 motion (Doc. 84) is time-barred under § 2255(f). Similar to McGrath's Seventh and Eighth Claims, McGrath filed this third motion to amend with a new ineffective assistance of counsel claim on May 13, 2019—well over one-year after his conviction became final. (Doc. 84, PageID.444). Therefore, in order for this amendment to avoid § 2255(f)'s one-year statute of limitations, the new claim must "relate back" to a timely filing under Federal Rule of Civil Procedure 15(c). *See Davenport*, 217 F.3d at 1344. However, McGrath's new ineffective assistance of counsel claim does not relate back to the other ineffective assistance of counsel claims in his timely filed first amended § 2255 motion because the new claim alleges a different trial error. Specifically, McGrath's new ineffective assistance of counsel claim alleges that his counsel failed to pursue a § 5K1.1 motion based on his cooperation in the prosecution of his co-defendant, whereas his other *Strickland* claims allege either wholly different errors (*see supra*, Sections III.a–c.) or a failure to pursue a § 5K1.1 motion based on his cooperation *in his own case* (*see supra*, Sections III.d–e.). McGrath's third motion to amend (Doc. 84) attempts to assert a different type of trial error than any claim raised in a timely filing, bringing his ineffective assistance of counsel claim within § 2255(f)'s statute of limitations. *See Farris*, 333 F.3d at 1215.

27

Even if McGrath timely filed his new claim of ineffective assistance of counsel, it still fails as it does not establish that his counsel performed deficiently under *Strickland*. The Government has "the power, not a duty" to file a § 5K1.1 motion, and such a refusal is only improper when based on an unconstitutional motive. *Kilpatrick*, 446 F. App'x at 269. Similar to the deficiencies in his Fourth and Fifth Claims alleging ineffective assistance of counsel for a failure to pursue a § 5K1.1 motion, McGrath does not allege any facts—and the record does not contain any evidence—that the Government refused to file a §5K1.1 motion based on an improper motive. At the sentencing hearing, the Government noted that the language about the possibility of a § 5K1.1 motion was left in the plea agreement that McGrath ultimately agreed to, but that they "didn't anticipate any cooperation" or intend to seek "any cooperation from him . . . ." (Doc. 62, PageID.337). McGrath does not establish that his counsel's failure to seek a   5K1.1 motion for his cooperation in the prosecution of his co-defendant was "outside the wide range of professionally competent assistance." *See Strickland*, 466 U.S. at 690. Accordingly, McGrath is entitled to no relief on Claim Nine, his final claim for relief under § 2255.

### j.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B).

"A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). Where, as here, the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon due consideration, McGrath is **DENIED** a Certificate of Appealability in conjunction with the denial of his present § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed

further.[4]

### k.   Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the Court **CERTIFIES** that any appeal by McGrath of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[5]

---

[4] The Court declines to issue McGrath a COA, so he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[5] McGrath may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

### IV.   *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that McGrath's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 66) dated October 10, 2017 is **DENIED** and **DISMISSED with prejudice**, without an evidentiary hearing;.  McGrath is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.  Further, McGrath's motions to amend his § 2255 motion (Docs. 72, 76, 84) are **DENIED**. McGrath's motion for a ruling on his § 2255 motion (Doc. 90) is **DENIED** as moot.

**DONE** and **ORDERED** this the 26th day of March, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE